UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS MANUEL MENDOZA,

                Plaintiff,

-against-

26 FEDERAL PLAZA IMMIGRATION,

                Defendant.

23-CV-235 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Jesus Manuel Mendoza filed this complaint *pro se*. By order dated January 27, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Jose Manuel Mendoza resides in a shelter in Brooklyn, New York. He filed this complaint against "26 Federal Plaza Immigration,"[1] regarding events allegedly occurring in Brooklyn in 2017. (ECF 2 ¶ II.) The following facts are drawn from the complaint. In 1979, Plaintiff's mother, Nativida or Natividad Simet, arrived in the United States from the Dominican Republic with her family. (ECF 2 ¶ III.) Isabel Simet, who may be a home attendant, went "to immigration" and used Nativida's "information" to apply for legal status, which Plaintiff asserts is a "crime." (*Id.*) Nativida has a "medical condition," and is receiving disability. According to Plaintiff, Nativida Simet and Isabel Simet "need[] to be sen[t] to the Dominican Republic, because they do not "bel[]ong in this country." (*Id.*) Plaintiff further claims that Nativida "gave

---

[1] The Court construes the complaint as asserting a claim against Immigration and Customs Enforcement (ICE).

[him] poison food," he "almost lost [his] life, and he has "a big pain." (*Id.*) Attached to the complaint are pages of internet searches about celebrities in the Dominican Republic, photographs of Plaintiff, and his medical record from Bellevue Hospital. (*Id.* at 8-18.) Plaintiff seeks money damages.

## DISCUSSION

A.   **Claim Against Immigration and Customs Enforcement**

The Court construes Plaintiff's complaint against "26 Federal Plaza Immigration" as asserting a claim against ICE.[2] The "United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Federal agencies and federal officials in their official capacities are also immune from suit for constitutional torts. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that *Bivens* provides no cause of action against the United States or its agencies). Any claim for damages or injunctive relief against ICE must be dismissed, because sovereign immunity bars Plaintiff's claims against ICE for violations of his constitutional rights.[3] 28 U.S.C. § 1915(e)(2)(B)(iii).

B.   **No Private Prosecution**

Plaintiff claims that Nativida and Isabel committed the "crime" of immigration fraud. Plaintiff cannot initiate the arrest and prosecution of any individual in this Court, however, because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against anyone, because prosecutors possess discretionary authority to bring

---

[2] ICE is located at 26 Federal Plaza in Manhattan.

[3] In any event, there are no facts in the complaint suggesting that Plaintiff can state any viable claims against ICE.

criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Any attempt Plaintiff is making to bring criminal charges against Nativida and Isabel for their alleged immigration fraud must therefore be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   March 6, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge